**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 323-306-4234**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
*Attorneys for Plaintiff, JOHN PARZIALE and all others similarly situated*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PARZIALE, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HP, INC. and DOES 1-10, <br><br> Defendant(s). | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> (1) Violation of Florida Deceptive and Unfair Trade Practices Act (F.S.A. §§ 501.201 *et seq*.) and <br> (2) Violation of Florida Misleading Advertisement Law (F.S.A. §§ 817.41 *et seq*.) <br><br><br> **Jury Trial Demanded** |

1    Plaintiff JOHN PARZIALE ("Plaintiff"), individually and on behalf of all
2    other members of the public similarly situated, allege as follows:

3                          **NATURE OF THE ACTION**

4        1.      Plaintiff brings this class action Complaint against Defendant HP,
5    INC. (hereinafter "Defendant") to stop Defendant's practice of modifying and
6    corrupting Purchasers' printers by forcing unauthorized changes to their firmware
7    and to obtain redress for all Purchasers Nationwide ("Class Members") who,
8    within the applicable statute of limitations period, had their HP Printers modified
9    to stop recognizing and accepting third party ink cartridges.

10       2.      Defendant is a Delaware corporation with its principal place of
11   business and headquarters in California and is engaged in the design, development,
12   manufacture, sale, and distribution of printers and related equipment and services
13   throughout the world with a large share of its business done in California.

14       3.      On or around April 12, 2019, thousands of HP Printer owners in the
15   United States and other countries started experiencing problems and crashes with
16   their HP Printers, since said printers stopped recognizing and accepting third party
17   ink cartridges (i.e. ink cartridges which had not been manufactured by HP, Inc.
18   but were compatible with the HP Printers before April 12, 2019.

19       4.      In an effort to dominate the ink cartridge marketplace, HP designed,
20   developed, wrote and distributed a firmware[1] update for HP Printers, including HP
21   Printers owned by Plaintiff and other members of the class.

22       5.      HP forced firmware modifications to the HP Printers which were
23   specifically designed and programmed to reject, starting on April 12, 2019, all
24   third party ink cartridges, including any said third party ink cartridge which had
25   already been purchased and installed by Class Members and which were already

26
27   _____
     [1] "Firmware" is generally defined as a software prodgram installed into a hardware
28   device. Firmware provides the necessary instructions for how the device operates and
     communicates with other computer hardware.

CLASS ACTION COMPLAINT

properly working in their HP Printers.

6.     The Class Members were not informed by HP of this plan to program a rejection of third party ink cartridges. HP's goal was to disable the HP Printers, after their sale to Class Members, unless and until only new HP brand ink cartridges were installed, which cost approximately twice as much, in order for HP to greatly increase its profits to the detriment of Class Members.

7.     Plaintiff and similarly situated Purchasers purchased printers that were represented as having certain features and capacities.

8.     Plaintiff and similarly situated Purchasers relied on these representations when purchasing their printers.

9.     When purchasing these printers, Plaintiff and similarly situated Purchasers desired and believed to have obtained printers with the capacity to use third party ink cartridges.

10.    Plaintiff and similarly situated purchasers were not told at the time of purchase that their HP Printer would at some time in the future reject the less expensive third party replacement ink cartridges.

11.    Furthermore, Plaintiff and similarly situated Purchasers were not informed by HP of the modifications in question and did not consent to HP unilaterally pushing such modifications into their HP Printer, rendering the printers unable to make, use, copy, scan, fax, or print documents, photographs, or other printable items and making the printers no longer what Plaintiff and similarly situated Purchasers had bargained for.

12.    For these reasons and others, Plaintiff brings this class action complaint on behalf of himself and individuals similarly situated against Defendant for its illegal, deceptive, and unconscionable actions in violating the privacy rights of hundreds of thousands of individuals nationwide in order to obtain an unfair and illegal competitive advantage.

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

13.     This class action is brought pursuant to Federal Rule of Civil Procedure 23.

14.     Venue is proper in the United States District Court for the Northern District of California, in that Defendant's headquarters are located in Palo Alto California in the Northern District of California.

15.     There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

16.     In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiffs and the class are citizens throughout various States across the United States.

**THE PARTIES**

17.     Plaintiff is a citizen and resident of Jacksonville, Florida.

18.     Defendant HP, INC. is a Delaware corporation with its principal place of business and state of incorporation in California.  Defendant conducts a large share of its business within California and in this judicial district.

19.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's

behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

20.    Plaintiff is informed and believes, and thereon alleges, that Defendant is intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

21.    At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

22.    On or about September 12, 2017, Plaintiff purchased an HP Officejet Pro 7740 printer from an Office Depot located at 5914 Ramona Blvd. Jacksonville, Florida.

23.    On June 6, 2018, Plaintiff purchased another HP Officejet Pro 7740 printer online at Amazon.com

24.    In purchasing the printers, Plaintiff paid more than valuable consideration. Including taxes and fees, Plaintiff paid $213.99 for each printer.

25.    When shopping for a printer, Plaintiff was looking for a printer that had the most features including the ability to use 952-, 952XL-, 953-, and 953XL-series ink cartridges.

26.    Nowhere did Plaintiff see any representations by Defendant that Plaintiff would only be able to use HP brand ink-cartridges. In addition, it was common industry practice and all of the printers previously purchased by Plaintiff allowed the use of third party ink cartridges. These representations and omissions made Plaintiff believe that he could use 952-, 952XL-, 953-, and 953XL- ink cartridges, including third party ink cartridges and refilled HP ink cartridges when

1    purchasing the printer.

2    27.    Plaintiff was aware that ink cartridges contributed to a significant cost

3    of the printer over its lifetime at the time of purchase. As a result, this was one of

4    the most significant features of the printer that Plaintiff was seeking when

5    examining the features of the printers and determining which printer to purchase.

6    In fact, Plaintiff did not purchase other printers, such as a Lexmark brand printer,

7    in favor of the HP Officejet Pro 7740 because of his belief that he could use third

8    party ink cartridges. Had Plaintiff known that he would be unable to use third party

9    ink cartridges, Plaintiff would have purchased a different printer.

10   28.    Plaintiff began using the printer with the preinstalled HP ink

11   cartridge.

12   29.    Over the life of the printer, Plaintiff used both HP ink cartridges and

13   third party ink cartridges.

14   30.    On or about April 12, 2019, HP forced a firmware update onto

15   Plaintiff's 7740 printers. From that day forward, Plaintiff could not get third party

16   ink cartridges or refilled HP ink cartridges to work and was instead greeted with

17   an error message. When Plaintiff tried to use his HP Officejet Pro 7740 to make

18   black and white copies the printer would not operate until Plaintiff ensured that

19   every color ink cartridge was a new HP brand ink cartridge.

20   31.    Upon learning this, Plaintiff felt ripped off, cheated, and violated by

21   Defendant.

22   32.    Plaintiff never authorized Defendant to force this modification on him

23   in any way nor at any time.

24   33.    Defendant manufactured, sold and modified Plaintiff's printer.

25   34.    Such business tactics rely on falsities, deception and force against a

26   reasonable Purchaser.

27   35.    Defendant expressly represented to Plaintiff, through written

28

CLASS ACTION COMPLAINT

statements, that Plaintiff's printer would have certain features and functioning.

36.    When purchasing the printer, Plaintiff anticipated using both Original HP-manufactured ink cartridges and third party ink cartridges, but soon discovered (a) Original HP-manufactured ink cartridges were considerably more expensive than third party cartridges; (b) third party ink cartridges produced printed matter as good as or better than Original HP-manufactured ink cartridges; and (c) third party ink cartridges appeared to last longer and produce more pages per cartridge than Original HP-manufactured ink cartridges.

37.    Plaintiff was under the impression that when purchasing the printer, Plaintiff would be able to use third party ink cartridges and refilled HP ink cartridges. When Plaintiff purchased the printer, almost every printer allowed the use of third party ink cartridges and refilled name brand cartridges, so Plaintiff reasonably believed that he would be able to use Original HP-manufactured ink cartridges, third party remanufactured ink cartridges compatible with his HP Officejet Pro 7740, and refilled HP ink cartridges (whether refilled by the Plaintiff or by third parties). In fact, once the HP Officejet Pro 7740 printers were installed, Plaintiff confirmed his pre-purchase assumptions by successfully using a variety of compatible cartridge offerings. Defendant had made a material representation to this effect by omitting the crucial fact that Defendant had intended to prevent Plaintiff's use of a third party ink cartridge or a refilled HP ink cartridge in order to obtain a substantial profit from Plaintiff.

38.    It was Plaintiff's understanding at the time of purchasing the printer that ink cartridges represent a large amount of the cost associated with the printers.

39.    Plaintiff was also of the understanding that third party ink cartridges and refilled brand name cartridges are often much cheaper than new HP brand ink cartridges.

40.    Plaintiff relied on Defendant's representations and omissions that

Plaintiff would be able to purchase and use third party ink cartridges or refilled brand name cartridges with his printers.

41.   Plaintiff alleges that such representations and forced modifications were part of a common scheme to mislead Purchasers, invade their privacy rights and obtain an unfair competitive advantage against its business rivals in the current marketplace.

42.   Not only were such representations clearly false because the printer was completely altered through the course of his use, but the forced modification completely robbed Plaintiff of any use of third party ink cartridges or refilled HP ink cartridges. In addition, the firmware update disabled all or most of Plaintiff's HP printers' functionality, refusing to function until Plaintiff purchased and installed Original HP-manufactured ink cartridges.

43.   Plaintiff would not have purchased the printers if he knew that the above-referenced statements made by Defendant were false and that Defendant would forcibly control and modify his printers.

44.   Defendant benefited from falsely advertising the features and functions of the printer and from forcing unwanted and destructive modifications on Plaintiff's and similarly situated Purchasers' Printers. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

45.   Plaintiff is informed, believes, and based thereon alleges that Defendant engaged in the exact same false misrepresentations and practices with respect to all the HP Officejet Pro 7740 model printers like the one that Plaintiff purchased.  Hereafter, the following model printers shall be collectively referred to as "Class Products:"

> a.  HP Officejet Pro 7720 All-in-One Printer;
>
> b.  HP Officejet Pro 7730 All-in-One Printer;
>
> c.  HP Officejet Pro 7740 All-in-One Printer;

d.  HP Officejet Pro 8210 All-in-One Printer;

e.  HP Officejet Pro 8216 All-in-One Printer;

f.  HP Officejet Pro 8218 All-in-One Printer;

g.  HP Officejet Pro 8700 All-in-One Printer;

h.  HP Officejet Pro 8710 All-in-One Printer;

i.  HP Officejet Pro 8714 All-in-One Printer;

j.  HP Officejet Pro 8715 All-in-One Printer;

k.  HP Officejet Pro 8716 All-in-One Printer;

l.  HP Officejet Pro 8717 All-in-One Printer;

m. HP Officejet Pro 8718 All-in-One Printer;

n.  HP Officejet Pro 8719 All-in-One Printer;

o.  HP Officejet Pro 8720 All-in-One Printer;

p.  HP Officejet Pro 8724 All-in-One Printer;

q.  HP Officejet Pro 8725 All-in-One Printer;

r.  HP Officejet Pro 8726 All-in-One Printer;

s.  HP Officejet Pro 8727 All-in-One Printer;

t.  HP Officejet Pro 8728 All-in-One Printer;

u.  HP Officejet Pro 8730 All-in-One Printer;

v.  HP Officejet Pro 8732M All-in-One Printer;

w. HP Officejet Pro 8734 All-in-One Printer;

x.  HP Officejet Pro 8735 All-in-One Printer;

y.  HP Officejet Pro 8736 All-in-One Printer;

z.  HP Officejet Pro 8740 All-in-One Printer;

aa. HP Officejet Pro 8743 All-in-One Printer;

bb. HP Officejet Pro 8744 All-in-One Printer;

cc. HP Officejet Pro 8745 All-in-One Printer;

dd. HP Officejet Pro 8746 All-in-One Printer;

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

  ee. HP Officejet Pro 8747 All-in-One Printer;

  ff. HP Officejet 7740 All-in-One Printer;

  gg. HP Officejet 8702 All-in-One Printer;

  hh. HP Officejet 8715 All-in-One Printer.

**CLASS ACTION ALLEGATIONS**

  46. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

  47. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All United States Citizens who, between the applicable statute of limitations and the present, had an HP Printer that was modified to reject third party ink cartridges or refilled HP ink cartridges.

  48. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

  49. Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

  50. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

  51. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

  52. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

  53. Rather, all claims in this matter arise from the identical and affirmative forced modifications.

  54. There are common questions of law and fact as to the Class Members

Page 9

CLASS ACTION COMPLAINT

that predominate over questions affecting only individual members, including but not limited to:

    (a)    Whether Defendant engaged in unlawful, unfair, or deceptive business practices in forcibly modifying Plaintiff and other Class Members printers;

    (b)    Whether Defendant made misrepresentations with respect to the printers originally sold to Purchasers;

    (c)    Whether Defendant profited from both the initial sale and use of the printer and the forced modification;

    (d)    Whether Defendant violated F.S.A. §§ 501.201 *et seq.*, and F.S.A. §§ 817.41 *et seq.*

    (e)    Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

    (f)    Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

    (g)    The method of calculation and extent of damages for Plaintiff and Class Members.

55.    Plaintiff is a member of the class he seeks to represent

56.    The claims of Plaintiff are not only typical of all class members, they are identical.

57.    All claims of Plaintiff and the class are based on the exact same legal theories.

58.    Plaintiff has no interest antagonistic to, or in conflict with, the class.

59.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought a printer from Defendant during the Class Period.  Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they

occurred or were experiences.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

60.    Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

61.    Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION

### Violation of the Florida Deceptive and Unfair Trade Practices Act

### (F.S.A §§ 501.201 *et seq.*)

62.    Plaintiff incorporates by reference each allegation set forth above.

63.    Pursuant to Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), §§ 501.201 *et seq.*, it is unlawful to engage in "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

64.    Defendant's conduct as alleged above violates the FDUTPA in that Defendant misled Purchasers by making misrepresentations and untrue statements about its printers, namely, Defendant sold printers advertised to include particular features and functions and then forced modifications without their consent.

65.    Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable Purchasers like Plaintiff and other Class Members.

66.    As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money and property.  Plaintiff reasonably relied upon Defendant's representations regarding the printers, namely that his printer would function in a

1    particular way.  In turn Plaintiff and other Class Members ended up with printers

2    that turned out be entirely different than advertised.

3         67.    Defendant advertised to Plaintiff and other putative class members,

4    through written representations and omissions made by Defendant and its

5    employees, that its operating system would include particular features.

6         68.    Defendant knew that the Printers did not in fact include the features

7    it was said to include.

8         69.    Thus, Defendant knowingly sold Printers to Plaintiff and other

9    putative class members and then forcibly removed its originally advertised

10   features.

11        70.    The misleading and false advertising described herein presents a

12   continuing threat to Plaintiff and the Class Members in that Defendant persists and

13   continues to engage in these practices, and will not cease doing so unless and until

14   forced to do so by this Court.  Defendant's conduct will continue to cause

15   irreparable injury to Purchasers unless enjoined or restrained.  Plaintiff is entitled

16   to preliminary and permanent injunctive relief ordering Defendant to cease their

17   false advertising and forced modification of property, as well as disgorgement and

18   restitution to Plaintiff and all Class Members Defendant's revenues associated

19   with their false advertising and forced modification of property, or such portion of

20   those revenues as the Court may find equitable.

21                        **SECOND CAUSE OF ACTION**

22          **Violation of Florida Misleading Advertisement Law**

23                        **(F.S.A §§ 817.41 *et seq*.)**

24        71.    Plaintiff incorporates by reference each allegation set forth above.

25        72.    Defendant's conduct as alleged above violates §§ 817.41(1), by

26   disseminating before the general public a misleading advertisement.

27        73.    Defendant misled Purchasers by making misrepresentations and

28

untrue statements about its printers, namely, Defendant sold printers advertised to include particular features and functions and then forced modifications without their consent.

74.     Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable Purchasers like Plaintiff and other Class Members.

75.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money and property.  Plaintiff reasonably relied upon Defendant's representations regarding the printers, namely that his printer would function in a particular way.  In turn Plaintiff and other Class Members ended up with printers that turned out be entirely different than advertised.

76.     Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that its operating system would include particular features.

77.     Defendant knew that the Printers did not in fact include the features it was said to include.

78.     Thus, Defendant knowingly sold Printers to Plaintiff and other putative class members and then forcibly removed its originally advertised features.

79.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to Purchasers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their

false advertising and forced modification of property, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising and forced modification of property, or such portion of those revenues as the Court may find equitable.

## MISCELLANEOUS

80.     Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

81.     Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

82.     Plaintiff, on behalf of himself and the Class, requests the following relief:

(a)     An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)     An order certifying the undersigned counsel as Class Counsel;

(c)     An order requiring HP, INC., at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)     An order requiring HP, INC. to engage in corrective advertising regarding the conduct discussed above;

(e)     Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Printers during the relevant class period;

(f)     Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)    Any and all statutory enhanced damages;

(h)    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i)    Pre- and post-judgment interest; and

(j)    All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  August 27, 2019      Respectfully submitted,

JOHN PARZIALE

By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff John Parziale